## Kennedy et ux. v. City of Scranton

*Frank J. McDonnell*, for plaintiffs.

*Joseph V. Philips*, for defendant.

EAGEN, J., May 29, 1942.—Petitioners allege that a property owned by them in the City of Scranton was seriously damaged on March 31, 1940, through an act of negligence on the part of defendant, the City of Scranton. On petition, a rule was granted to show cause why plaintiffs should not be given leave of court

to begin an action of trespass for the damages suffered.

No answer having been filed to the petition, all the allegations therein must be taken as true. It appears that on April 4, 1940, within one week after the alleged act of negligence, the members of the city council were notified of the conditions and damages of which plaintiffs complain. In answer to this complaint, the members of the city council immediately visited personally the premises and viewed the conditions thereof. Following this several conferences were held by plaintiffs, or their attorneys, with the members of the council in an effort to negotiate and effect a settlement.

On May 17, 1940, the solicitor for the City of Scranton addressed a letter to the members of the city council giving his legal opinion on plaintiffs' claim. Approximately four months after the damages complained of, the council passed a resolution offering $400 in settlement of the claim; this offer of settlement was later withdrawn, and on October 30, 1940, the clerk of the city council notified plaintiffs their claim for damages had been rejected.

Petitioners, not having filed a written notice of their claim as required by the Act of July 1, 1937, P. L. 2547, now ask court for leave to begin their action of trespass, alleging that the above facts constitute a reasonable excuse for their failure to file the notice required by the act.

The court is of the opinion that the rule must be made absolute. In Lutz v. Scranton, 140 Pa. Superior Ct. 139, the court pointed out that the Act of 1937 is to be construed as far as possible so as not to change or impair rights, liabilities, or principles of law as they existed prior to its enactment. The purpose of the act is to safeguard the municipality against the loss of an opportunity to make timely investigation and to avoid the difficulty of defending stale and fraudulent claims. See Wilson v. City of Chester, 37 D. & C. 37; in discussing the Act of 1937, the court pointed out that the

654

mischief to be remedied was stale claims brought against a municipality long after there was any chance of securing witnesses, and the object to be attained was to give notice to the municipality in time to prepare a defense. This reasoning was affirmed in Bubb v. City of Sunbury, 37 D. & C. 399, a case which is very similar to the one at bar in its details.

In the instant case the City of Scranton was notified immediately of plaintiffs' claim and not only had ample opportunity to investigate it, but did so. Members of the city council visited the scene of the alleged negligence themselves; the solicitor's office within a very short time had the case for consideration and investigation and, after the city solicitor notified the members of the council of the results thereof, the members of the city council submitted an offer in full settlement of the claim.

Under the circumstances the court, therefore, does not feel that the City of Scranton lost any of its rights granted in the Act of 1937, and that plaintiffs have shown ample facts to warrant excusing their failure to notify the city in writing of their claim as required by the act.

Now, therefore, May 29, 1942, the rule heretofore granted to show cause why plaintiffs should not be given permission to institute their suit in trespass is made absolute and plaintiffs are given 15 days from the date of this opinion to institute suit.